OPINION
{¶ 1} The following appeal was submitted on the briefs of the parties. Appellant, Frank A. Debevec, appeals from a judgment of the Portage County Court of Common Pleas, Domestic Relations Division, granting appellee, Amanda M. Debevec, a divorce. For the following reasons, we affirm in part, reverse in part, and remand this matter for further proceedings consistent with our opinion.
 {¶ 2} Appellant and appellee were married on April 18, 1992. Two children were born as issue of the marriage. On September 6, 2001, appellee filed a complaint with the Portage County Court of Common Pleas requesting a divorce from appellant. The basis for the divorce was appellant's alleged gross neglect of duty and the parties' incompatibility. The complaint further prayed for a division of all property, and an allocation of parental rights, spousal support, and child support.
 {¶ 3} Appellant subsequently stipulated to the parties' incompatibility. This matter then proceeded to a bench trial on June 18, 2002. At issue during the trial was the equitable division of property and the allocation of parental rights, spousal support, and child support.
 {¶ 4} During trial, testimony was given by both parties with respect to the following three items of property: (1) appellant's individual retirement account ("IRA"); (2) a 1972 Harley Davidson motorcycle; and (3) a 1978 Yamaha motorcycle. Voluminous testimony was also given relating to the allocation of parental rights.
 {¶ 5} On October 22, 2002, the court issued a judgment entry. The trial court found the parties to be incompatible and granted the parties a divorce. Furthermore, the court entered judgment as to the equitable division of the parties' property. Specifically, the court's order stated that appellee was to receive one-half of appellant's IRA, which was valued at $15,615.92. Appellee was also awarded the 1978 Yamaha motorcycle, valued at $400.
 {¶ 6} Appellant was awarded a 1995 GMC Safari truck, valued at $2,200, and the 1972 Harley Davidson motorcycle, valued at $3,000. The values of these items were then totaled for a final sum of $5,200. Based upon the sum of $5,200, the trial court determined that appellee "was entitled to $1,400 from [appellant] to equalize this property division."
 {¶ 7} Moreover, the trial court named appellee as the sole residential parent and legal custodian of the two minor children. Attached to the judgment entry was the trial court's "Standard Order" detailing the minimum visitation rights of appellant. Then, inexplicably, the trial court further ordered the parties to submit a shared parenting plan for its review within ninety days of the judgment entry's filing date.[1]
 {¶ 8} From this judgment, appellant has filed a timely notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 9} "[1.] The trial court erred in making the division of property when it ordered the Defendant-Appellant to divide his IRA with the Plaintiff-Appellee when the evidence was clear that no such IRA existed at the time of the issuance of the judgment entry, and in failing to credit the Plaintiff-Appellant [sic] with his pre-marital interest in the pension plan which gave rise to said IRA.
 {¶ 10} "[2.] The trial court erred in ordering the parties to submit a shared parenting plan within ninety days of the entry of the judgment as part of its determination to declare the Plaintiff as and to be the residential parent.
 {¶ 11} "[3.] The trial court abused its discretion in rendering its decision regarding the issues presented to it by this case."
 {¶ 12} Under his first assignment of error, appellant contests the trial court's division of property not only with respect to the IRA, but also as to the 1978 Yamaha and 1972 Harley Davidson. First, appellant argues that the trial court erred in awarding appellee one-half of the total IRA. Specifically, appellant maintains that a portion of the IRA was accumulated as part of his pre-marital pension plan. His participation in the pension continued during his marriage. Also, during the marriage, the pension was rolled-over into the IRA. Thus, appellant concludes that the pre-marital portion of his pension constitutes separate property and should be deducted from the trial court's calculated total and subsequent division of the IRA.
 {¶ 13} A trial court is given broad discretion in its division of marital assets. Cherry v. Cherry (1981),66 Ohio St.2d 348, paragraph two of the syllabus. Accordingly, as a reviewing court, our inquiry is limited to whether the trial court abused that discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. "The term `abuse of discretion' connotes, more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} When distributing property in divorce proceedings, the trial court must first determine whether the subject property constitutes marital property or separate property. R.C.3105.171(B).
 {¶ 15} The initial issue before us is whether the funds of the IRA account were marital property or separate property. To assist in our review, the applicable definitions of marital property and separate property are necessary. Pursuant to R.C.3105.171(A)(3)(a)(i), marital property is defined as "[a]ll real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage[.]" Marital property, however, does not include any separate property. R.C. 3105.171(A)(3)(b). On the other hand, separate property is defined by R.C.3105.171(A)(6)(a)(ii) as "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage."
 {¶ 16} "In general, pension and retirement benefits acquired by a spouse during the marriage are deemed marital assets that are subject to division." (Emphasis added.) Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, at ¶ 6. Here, appellant's participation in his former employer's pension plan began on January 1, 1990, more than two years prior to his marriage date of April 18, 1992. Appellant continued his participation in the pension for five years after his marriage. Thereafter, appellant rolled-over his pension fund into the IRA. Thus, the funds within the IRA represent a commingling of marital property and separate property.
 {¶ 17} That being said, it is axiomatic that "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is nottraceable." (Emphasis added.) R.C. 3105.171 (A)(6)(b). See, also, Woods v. Woods (Apr. 7, 1995), 11th Dist. No. 93-G-1835, 1995 Ohio App. LEXIS 1458, at 7. "The party attempting to prove that the asset is traceable separate property must establish such tracing by a preponderance of the evidence."Price v. Price, 11th Dist. No. 2000-G-2320, 2002-Ohio-299, 2002 Ohio App. LEXIS 240, at 5.
 {¶ 18} In the case at bar, appellant failed to adequately establish, by a preponderance of the evidence, a tracing of the separate pre-marital pension funds included within the commingled IRA. During trial, appellant was only able to provide the court with a minimal amount of information regarding the amount of funds contained in his pension prior to and after his marriage to appellee. Further, appellant alleged that during the marriage, and prior to the initiation of the divorce proceedings, he had withdrawn an unspecified amount of funds from the pension "to pay marital bills."
 {¶ 19} As a result of appellant's vague and non-specific testimony, the trial court requested that appellant provide supplemental evidence pertaining to the following: (1) the amount in the pension on the date of the marriage; (2) when the pension funds were taken out; (3) the amount taken out of the pension during the marriage; and (4) the amount in the IRA at the time of the divorce.[2]
 {¶ 20} In response to the trial court's request, appellant, on October 7, 2002, filed a letter from an attorney representing his former employer. The letter stated that the former employer's records confirmed that appellant had been a participant in its pension plan from January 1, 1990 until February 11, 1997. It further stated that on September 7, 1997, appellant withdrew the accrued funds of his pension plan, which were in the amount of $22,865.56. From this amount, the letter determined that appellant had accumulated $6,533.02 during the first two years of his participation in the pension plan prior to the marriage. The $6,533.02 total was based upon his pension accruing proportionately over his seven years of participation (2/7 of $22,865.56).
 {¶ 21} Although this letter provided additional information regarding appellant's pension plan, it did not answer two of the questions posed by the court. First, the letter, standing alone, failed to show the other withdrawals made by appellant during the marriage; second, it did not specify the accrued amount of pension funds within the IRA as of September 6, 2001, the date of the initiation of the divorce proceedings. Without this evidence, the trial court was unable to trace any remaining pre-marital portion of appellant's pension prior to its roll-over into the IRA.
 {¶ 22} As mentioned previously, appellant's testimony confirmed he had made an earlier withdrawal of funds from the pension allegedly to pay marital bills. Without confirmation of these amounts, there was no way to tell if appellant had exhausted the pre-marital portion of his pension with these withdrawals. In short, even when the court specifically gave him the opportunity to do so, appellant failed to present evidence that his pre-marital portion of the pension funds still existed as part of the IRA.
 {¶ 23} As a result, the trial court did not abuse its discretion by considering the remaining IRA funds to be commingled marital property and distributing it equitably between the parties. This portion of appellant's first assignment of error is not well-taken.
 {¶ 24} Appellant further contends that even if the IRA is determined to be a marital asset, the trial court erred in its distribution as it was clear that there were no longer any funds within the IRA at the time of the judgment entry. In support of this contention, appellant cites to his testimony at trial informing the court that the IRA had been closed.
 {¶ 25} The resolution of appellant's argument turns upon a credibility assessment of his testimony regarding the existence or non-existence of funds within the IRA. It is well-established under Ohio law that the trial court is vested with broad discretion to make an equitable property division. Boyles v.Boyles, 11th Dist. No. 2002-P-0097, 2003-Ohio-5351, at ¶ 38. In doing so, we recognize that when determining the existence or valuation of a spouse's property, "[t]he trial court * * * is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections in order to assess their credibility and weigh the testimony." Hvamb v. Mishne,
11th Dist. No. 2002-G-2418, 2003-Ohio-921, at ¶ 18, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Accordingly, a reviewing court must defer matters of a witness's credibility to the trier of fact. Babka v. Babka (1992),83 Ohio App.3d 428.
 {¶ 26} A careful examination of the record before us reveals that appellant did in fact testify that the IRA's funds had been exhausted to pay various legal bills. However, appellant failed to corroborate his testimony with any evidence verifying the IRA's current balance. The only evidence of the IRA's balance was a receipt admitted by appellee, showing a balance of $15,615.92 as of July 5, 2001. The trial court ultimately based its valuation of the pension on this figure and distributed one-half of $15,615.92 to appellee.
 {¶ 27} Clearly, the trial court was in the best position to weigh the credibility of appellant's testimony regarding the existence of funds within the IRA. Appellant's failure to present any corroborative evidence demonstrating the non-existence of IRA funds precludes the establishment of error.
 {¶ 28} Moreover, under the court's order, it is irrelevant if the IRA exists. The court found that at the time the divorce was filed the fund existed. Now appellant must account for appellee's half. If the IRA no longer exists, the order allows the court to retain jurisdiction "to make any reasonable and necessary award or Order to make the other party financially whole[.]" Thus, the trial court did not err in dividing the funds equitably between the parties. This portion of appellant's assignment of error is not well-taken.
 {¶ 29} Appellant further contends that the trial court erred by awarding appellee the 1978 Yamaha motorcycle and ordering appellant to pay appellee $1,400 to offset appellant's award of the 1972 Harley Davidson motorcycle. Again, appellant argues that both motorcycles were his pre-marital separate property.
 {¶ 30} As mentioned previously, it was appellant's burden to establish, by a preponderance of the evidence, that both motorcycles represented his separate traceable pre-marital property. First, no one presented a title. Instead, both parties filed pre-trial affidavits attesting that each was the alleged title owner of the 1978 Yamaha. Appellee's affidavit stated that title of this motorcycle was under her name, while appellant's affidavit stated the title was under his name and was his separate pre-marital property. Appellant's testimony at trial regarding the 1978 Yamaha was in accordance with his affidavit.[3] Neither party presented independent, direct evidence of the title or the purchase date during trial.
 {¶ 31} Although the holding of title by one spouse individually, or by both spouses in a form of co-ownership, is not ultimately determinative of whether the property is marital or separate property, such evidence may be considered to determine whether, under the totality of the circumstances, the trial court abused its discretion in its division of property. See, e.g., Helton v. Helton (1996), 114 Ohio App.3d 683. See, also, R.C. 3105.171(H). Because appellant failed to present further corroborative evidence in addition to his personal affidavit and testimony at trial, rebutting appellee's claim of title, we are compelled to determine that the trial court's distribution of the 1978 Yamaha was a valid offset, regardless of how it was titled. Further the court did not determine it was appellee's separate property; instead, it treated it as marital property.
 {¶ 32} It was appellant's burden to present substantive evidence that the 1978 Yamaha was purchased as pre-marital separate property. He did not present such evidence. As appellant has failed to establish, by a preponderance of the evidence, that the 1978 Yamaha motorcycle was his separate traceable pre-marital property, the trial court did not abuse its discretion by treating it as marital property and equalizing its value with a setoff.
 {¶ 33} Regarding the 1972 Harley Davidson, we first note that the trial court's judgment entry awarded appellant ownership of this motorcycle. The entry, however, does not designate this as a determination that the motorcycle was pre-marital property. Nevertheless, appellant argues that because the 1972 Harley Davidson represented separate pre-marital property the trial court erred in attempting to equalize the property division by awarding appellee $1,400.
 {¶ 34} Here, the trial court properly awarded appellant ownership of the 1972 Harley Davidson, presumably as a division of marital property. This, however, did not prohibit the trial court from offsetting this more valuable property award by issuing a distributive monetary award to appellee. As a result, the trial court did not abuse its discretion by issuing a distributive award to appellee for equalization purposes. This portion of appellant's assignment of error is without merit.
 {¶ 35} We are also inclined to note that the trial court made the appropriate factual findings with respect to its division and disbursement of property. R.C. 3105.171(G). Sufficient findings of fact allow a reviewing court to determine whether "the decision is fair, equitable and in accordance with the law."Price at 17-18. The court's judgment entry has provided satisfactory factual findings to facilitate an adequate appellate review.
 {¶ 36} In conclusion, the trial court did not abuse its discretion by dividing the IRA, awarding appellee the 1978 Yamaha motorcycle, or issuing a distributive monetary award to appellee. Appellant's first assignment of error is without merit.
 {¶ 37} Appellant's second assignment of error contends that the trial court erred in ordering both parties to file a shared parenting plan within ninety days of the final judgment entry. Specifically, appellant argues that the court had no authority to require him to submit a shared parenting plan. We agree to a limited extent.
 {¶ 38} In the instant case, the trial court's October 22, 2002 judgment entry clearly stated that appellee "shall be the sole residential parent and legal custodian of the minor children." It then proceeded to set forth a visitation schedule for appellant. In spite of this apparent award of sole residential custody, the trial court further stated, "[t]he court further orders that the parties shall submit a Shared Parenting Plan for review by the Court within 90 days of the filing of this Judgment Entry."
 {¶ 39} We are confused on two points. If appellee is the designated residential parent, why is the court seeking input, after the fact, as to shared parenting? Second, we are unaware of any authority that would allow the trial court to compel the parties to submit a shared parenting plan. Thus, the judgment entry appears to contain a contradiction.
 {¶ 40} In any event, we sua sponte remand this issue to enable the trial court to clarify this contradiction. As previously indicated, any such request from the court must be couched in voluntary rather than mandatory terms. If the court is seeking input as to extended visitation, that, of course, cannot be designated as a request for shared parenting plans. Accordingly, appellant's second assignment of error is well-taken to the limited extent indicated.
 {¶ 41} Appellant's third assignment of error reiterates the contentions of his first and second assignments of error. However, appellant further argues that the trial court's determinations represented harassment and demonstrated the court's animus towards him. Appellant concludes that this further establishes the trial court's abuse of discretion.
 {¶ 42} Our analysis of the appellant's first assignment of error has determined that the trial court did not abuse its discretion through its property distribution as appellant failed to provide sufficient evidence to satisfy his burden of proof. The court allowed appellant a second opportunity to present evidence tracing his pension funds. Moreover, the record provides no evidence that the trial court's distribution of the property was made with the intent to harass appellant. Thus, this portion of appellant's third assignment of error is not well-taken.
 {¶ 43} With respect to appellant's second assignment of error, we were unable to resolve the trial court's intentions regarding its allocation of parental rights and have remanded this issue for further clarification. Notwithstanding our decision, there is again no evidence that the court's order regarding shared parenting was an attempt to harass appellant. To the contrary, the court's order seems to represent an effort to assist appellant in obtaining meaningful time with his children. As a result, this portion of appellant's third assignment of error is also not well-taken.
 {¶ 44} Because there is no evidence that the trial court's judgment was based upon an animus towards appellant, there is no abuse of discretion. Thus, appellant's third assignment of error is without merit.
 {¶ 45} Based upon the foregoing analysis, appellant's first and third assignments of error are without merit. Appellant's second assignment of error, however, is with merit to the limited extent indicated. Thus, the trial court's judgment entry is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Ford, P.J., concurs, Grendell, J., concurs in judgment only.
[1] We are inclined to note that the court's order resulted in a final appealable order as it is evident that the court did not have the authority to compel the parties to submit a motion for shared parenting.
[2] As an aside, we note that the trial court had the authority to request and regulate the submission of further evidence after both parties had rested. See, e.g., Mills v. Mills, 11th Dist. No. 2002-T-0102, 2003-Ohio-6676.
[3] Appellant also submitted a handwritten list of pre-marital property with the trial court as an exhibit.